# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,
*ex rel.* REID LAWSON and
THE STATE OF GEORGIA *ex rel.*
REID LAWSON,

    Plaintiffs,

v.

AEGIS THERAPIES, INC.,

    Defendant.

CV 210-72

## ORDER

Following protracted litigation between the parties, the case is now before the Court on a disputed Bill of Costs. After careful consideration, the Court **GRANTS** Defendant's Bill of Costs for the reasons set forth below. Dkt. No. 164.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2010, the United States of America et. al. ("Plaintiffs"), filed a claim against Defendant Aegis Therapies, Inc. ("Aegis"), alleging violations of: (1) the False Claims Act, 31 U.S.C. §§ 3729-33; (2) Georgia's False Claims Act, O.C.G.A. § 49-4-168.2; and (3) conspiracy laws under 31 U.S.C. § 3729(a)(2), and O.C.G.A. § 49-4-168.1. Dkt. No. 3. On May 10,

2013, Aegis filed a Motion to Dismiss (Dkt. No. 38), which the Court granted in part and denied in part on October 29, 2013. Dkt. No. 66. On June 20, 2014, Aegis filed a Motion for Summary Judgment. Dkt. No. 100. Following extensive briefing from the parties, the Court granted Aegis' Motion for Summary Judgment on March 31, 2015 (Dkt. No. 162), sustaining Aegis' Objections to the Magistrate Judge's September 30, 2014, Order and overruling Plaintiffs' Objections to the Magistrate Judge's November 13, 2014, Order.

At issue now, is Aegis' Bill of Costs (Dkt. No. 164). Aegis seeks $27,079.68 in costs, of which $12,579.20 represents requested copying charges. Plaintiffs dispute only the copying charges, and only a portion of them. In fact, Plaintiffs do not dispute that the copies at issue were necessary during the pendency of this litigation. Dkt. No. 165, pp. 1-3. Rather, Plaintiffs dispute the copying charges of $6,132.60 charged during seven different months over the course of the litigation. See id. at p. 2. Plaintiffs specifically dispute these copying charges based on their observation that the copying rate charged per month during the specified seven months included color copies and was drastically higher than the copying rate charged for black and white copies during the other thirteen months. Id. at pp. 2-3. In response, Aegis avers that the average rate of copying costs during the pendency of the litigation was

merely $.09 per page, a rate commensurate with—if not less than—what other courts have permitted parties to charge. Dkt. No. 167, pp. 1-3. For the reasons set forth below, the Court **GRANTS** Aegis' Bill of Costs.

**DISCUSSION**

Federal Rule of Civil Procedure 54(d) provides that a court should award costs to a prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). While "costs imposed against the United States, its officers, and its agencies may be imposed only to the extent allowed by law," Fed. R. Civ. P. 54(d)(1), under 28 U.S.C. § 2412 a judgment for costs, as enumerated in 28 U.S.C. § 1920, may be awarded for the prevailing party in a civil action brought against the United States.

A court, however, may only tax the following items against a non-prevailing party:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A district court does not have unlimited discretion to reimburse a prevailing party, as the court "must limit its award of costs to the list of items set forth in 28 U.S.C. § 1920 and other related statutes." Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225 (11th Cir. 2002).

The non-prevailing party bears the burden of demonstrating that a challenged cost is not taxable. Sensormatic Elecs. Corp. v. Tag Co., No. 06-81105, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009) (citing E.E.O.C. v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)). "In general, the prevailing party can recover the costs of making copies of documents, pleadings, discovery, and exhibits tendered to the opposing party or submitted to the court for consideration. Brewer-Giorgio v. Bergman, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997). In awarding costs, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W & O, Inc., 213 F.3d at 623.

Here, Aegis seeks recovery in the amount of $12,579.20 for copying costs. Since Plaintiffs cannot challenge the necessity of the copying costs, Plaintiffs instead disputed the amount charged for copying certain documents in color. See Dkt. No. 165, pp. 2-3. Plaintiffs' challenge, however, cannot withstand judicial review. See, e.g., Biomedical Disposal, Inc. v. Mediq/PRN Life Support Servs, Inc., 2007 WL 2593075, at *3

(Sept. 4, 2007) (awarding copying charges where the prevailing party "made numerous filings, including a lengthy summary judgment motion supported by 250 pages of exhibits, a response to [the non-prevailing party's] untimely motion to amend its complaint, and several motions for sanctions."). Given the sheer volume of documents that were necessarily copied during the pendency of this litigation, that the average cost per page was only $.09 is undoubtedly reasonable. See id. Indeed, courts in this Circuit have awarded copying costs at a higher rate per page—for much smaller copying jobs—than the average rate charged by Aegis in the instant matter. See, e.g., Mawulawde v. Bd. of Regents of Univ. Sys. of Ga., No. CV 105-099, 2009 WL 3753986, at *5 (S.D. Ga. Nov. 9, 2009) (taxing copying costs at a rate commensurate with the local rate, thus awarding the prevailing party copying charges at a rate of $.15 per page); Brown v. Lassiter-Ware, Inc., No. 6:11-cv-1074-Orl-36DAB, 2014 WL 5258912, at *4 (M.D. Fla. Oct. 15, 2014) (awarding copying costs at a rate of ten cents per page for 13,000 copies); Perkins v. Tolen, No. 3:10-cv-851-J-37TEM, 2012 WL 3244512, at *3 (M.D. Fla. July 13, 2012) ("Within the Middle District, and the Eleventh Circuit generally, there is a broad consensus that the reasonable market rate for copies is $.10 to $.15 cents.").

Although Plaintiffs complain that certain documents were highlighted in color—raising the copying costs per page—this Court, as well as Plaintiffs, benefitted from Aegis' efforts to highlight the otherwise voluminous record. Dkt. No. 171, p. 3. Where, as here, a prevailing party requests costs from the non-prevailing party, and the average rate per page for the total amount of documents copied is a reasonable amount, the Court will not reduce the requested rate. Accordingly, Aegis' Bill of Costs is **GRANTED**.

**CONCLUSION**

For the reasons set forth above, Aegis' Bill of Costs (Dkt. No. 164) is **GRANTED**. Plaintiffs are hereby **DIRECTED** to pay the following costs, in accordance with Aegis' Bill of Costs:

**$14,220.48** for Fees for service of summons and subpoena;

**$12,579.20** for Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and

**$280** for Fees for witnesses.

The Clerk is hereby **AUTHORIZED** to **TAX COSTS** against Plaintiffs, the non-prevailing party, for a total amount of **$27,079.68**, in favor of Aegis.

**SO ORDERED**, this 11TH day of December, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA